**Michael SWEATT, Petitioner–Appellant,**

**v.**

**Daniel MCBRIDE, Respondent–Appellee.**

No. 01–1827.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2001.*

Decided Nov. 21, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Michael Sweatt, an inmate at Indiana State Prison, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the process afforded him at a prison disciplinary hearing. The district court denied his petition, and we affirm.

In May 2000 an officer observed Sweatt enter a second cafeteria line after already passing through a previous line. The officer told Sweatt to get out of the line, he refused, and a struggle ensued during which he struck and bit officers. The emergency response team was brought in to control the situation and removed Sweatt into segregation in a Special Management Unit (SMU).

Sweatt then received a copy of a conduct report charging him with battery and providing him with notice of a forthcoming disciplinary hearing. Sweatt pleaded not guilty to the charge and requested a lay advocate. The Conduct Adjustment Board (CAB) conducted Sweatt's hearing in front of his cell, a routine practice for segregated inmates. At his hearing, Sweatt made no comments to the CAB and, through his lay advocate, waived all witness statements. The CAB examined evidence that included the conduct report, staff statements, and a photograph of a bite mark on an officer. The CAB then found Sweatt guilty of battery and revoked 365 days good-time credits, demoted his credit class, and sanctioned him with one year in disciplinary segregation.

Sweatt appealed the decision to the Superintendent, who denied the appeal. In concluding that the evidence supported the decision and that no procedural errors had occurred, the Superintendent made a number of factual findings. He found, for instance, that placement in the SMU was appropriate; a "segregation admittance form" was filled out but not given to Sweatt; the hearing was held in front of Sweatt's cell and he had the opportunity to participate, but chose not to; the lay advocate was present, was allowed to speak with Sweatt, and signed as a proxy to verify that Sweatt could not sign; and Sweatt waived all witness statements. Sweatt's subsequent appeal to the final reviewing authority was denied.

Having exhausted his state remedies, Sweatt then filed for a writ of habeas corpus in district court. The district court denied relief after concluding that Sweatt was afforded adequate process, and Sweatt appealed. On appeal Sweatt raises a number of arguments challenging the process afforded him. Inmates have a liberty interest in good-time credits, which therefore cannot be taken away without minimal due process. *See McPherson v. McBride*, 188 F.3d 784, 785 (7th Cir.1999); Ind.Code § 35–50–6–1. In this context, minimal due process includes (1) advance written notice of the charges; (2) an opportunity to present witnesses and evidence in defense when consistent with safety and correctional goals; (3) a written statement of the evidence and reasons for the decision; and (4) a decision that is supported by some evidence. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). We review district court findings of fact for clear error and legal conclusions de novo. *See Warren v. Richland County Cir. Ct.*, 223 F.3d 454, 457 (7th Cir.2000).

First, Sweatt argues that the process at the hearing was inadequate because he was not allowed to be present and he was not allowed to present witnesses and evidence on his behalf. An inmate's due process rights must be balanced against the prison's legitimate need for safety and security. *See Sweeney v. Parke*, 113 F.3d 716, 719 (7th Cir.1997). Consequently, the right to attend a disciplinary hearing and present witnesses and evidence is qualified by the need for safety and security. *See id.* In this case, the record confirms that a hearing was held outside of Sweatt's cell and that Sweatt was present; Sweatt offers no evidence to challenge these facts. By holding Sweatt's hearing outside of his cell, the prison enabled him to participate in the hearing by making a statement, presenting witnesses or witness statements, or offering other evidence. According to the hearing report and the Superintendent's review, Sweatt chose not to comment and waived all witness statements. When an inmate is given an opportunity to participate in a hearing, but declines, no due process problems arise. *See id.* at 720. Therefore, Sweatt was afforded adequate process at his hearing.

Sweatt next argues that the written explanation the CAB provided for its decision was inadequate. Due process requires that some evidence support the decision, and that a written statement identify the evidence considered and the reasons for the decision. *See Hill*, 472 U.S. at 454–56, 105 S.Ct. 2768. The relevant inquiry is whether there is any evidence that can support the decision. *See id.* at 455–56, 105 S.Ct. 2768; *Sweeney*, 113 F.3d at 720. The CAB's written decision relied on the conduct report, staff statements, and other evidence (a photograph of a bite mark), and concluded that "[b]ased on the evidence in the conduct report we find you guilty." A conduct report by itself constitutes some evidence. *See McPherson*, 188 F.3d at 786. Therefore, the decision was supported by some evidence, and the written statement satisfied due process.

Sweatt also challenges the CAB's written explanation because "another prisoner was charged with the same offense but the other prisoner was freed, however, there was nothing in the written statement explaining the wide disparity." First, Sweatt offers nothing beyond this statement to allow us to compare his situation to that of the other prisoner. But in any event, inmates do not have a right to receive the same sanctions as others convicted of the same offenses, *cf. Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) (explaining that defendants do not have a right to the same sentences as others convicted of the same offenses), and prison disciplinary boards must explain only the reasons for their decisions, not why other inmates received different sanctions. *See Hill*, 472 U.S. at 454–56, 105 S.Ct. 2768. In addition, prison disciplinary sanctions involve factors other than the offense, including past conduct. Therefore, even assuming another prisoner received no sanction for the same offense, Sweatt had no right to the identical outcome, and the CAB was not required in the hearing report to explain why a different inmate was not punished or found not guilty.

Finally, Sweatt argues that he was denied a liberty interest because he was placed in segregation without receiving a "segregation admittance form," which states the reasons for the segregation. A segregation admittance form was completed for Sweatt but, following prison policy, was not given to him. Segregated confinement for disciplinary purposes does not create the atypical, significant deprivation that might implicate a liberty interest.

*See Sandin v. Conner,* 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Thus, Sweatt had no right to due process with respect to being moved into segregation. Moreover, Sweatt has not provided any reason why he was prejudiced for not having received the form, and in any event, the conduct report and notice of a disciplinary hearing gave him adequate notice of the reasons for his segregation.

Accordingly, the district court's judgment is AFFIRMED.